## STATE v. TURNER.

1. An exception, "that the judgment is contrary to the law and the evidence," will not be considered by this court.
2. The late statutes forbidding the sale of liquors in *any* quantities has superseded and rendered nugatory the act of 1783 (4 *Stat.* 565), forbidding its sale in quantities less than three gallons.
3. A sale of spirituous liquors without license, outside of incorporated cities, towns and villages, in any quantities, is a violation of the act of 1880. 17 *Stat.* 459.
4. The power of the legislature to regulate the sale of spirituous liquors has been too long and too well settled to admit, now, of question; and the act of 1880, *supra,* is not unconstitutional.
5. The act of 1878 (16 *Stat.* 453), declaring that where imprisonment was authorized by a statute, a person convicted thereunder might be sentenced

to imprisonment in jail or penitentiary, with or without hard labor, was a general law, applicable to statutes afterwards enacted as well as to those then of force.

---

Before ALDRICH, J., Pickens, January, 1882.

Indictment against James Turner for retailing without license. The opinion states the case.

*Mr. T. H. Cooke,* for appellant.

*Mr. Solicitor Orr,* contra.

October 6th, 1882.    The opinion of the court was delivered by

MR. JUSTICE McIVER. . The defendant was convicted under an indictment for retailing spirituous liquors without a license, and sentenced to pay a fine of $200, or be imprisoned in the State penitentiary, at hard labor, for six months.    He appeals upon four grounds :    1. "Because the evidence showed that the selling complained of occurred about October 15th, 1881, and that the defendant sold spirituous liquors in quantities of not less than three gallons, which he had the legal right to do, the act of 1783 being still of force in this State.    2. Because his Honor erred in charging the jury that any· sale of spirituous liquors without license, in any quantity, outside of incorporated cities, towns and villages, is a violation of the act of 1880, regulating the sale of the same."    The third ground makes, substantially, the same point as the second ; and the fourth is the general ground that the judgment is, in other respects, contrary to the law and the evidence, which, it has been repeatedly held, will not be considered by this court.

It may well be questioned whether the evidence adduced in this case would enable the appellant to make the point intended to be raised by the first ground of appeal ; for it seems from the testimony set out in the " Case," that the defendant agreed to sell three gallons to several different persons, and allowed them to take it away at different times, in such quantities as the purchasers might desire ; and then follows this statement:

" The proof further showed that any one could get whiskey from Turner, and in any quantity they desired. They simply signed a certificate that they would buy three gallons, and they took any quantity from a half pint up, paying for what they took away, and getting the remainder if they desired it. If they did not want it, they were not bound to take it. They all paid at the rate of $2 per gallon for the whiskey they got." Under this state of facts, it might well be doubted whether the defendant could have escaped conviction, even if there were no other law upon the subject than the act of 1783, sometimes called " the three-gallon law." For selling, as this defendant is represented to have done, nominally three gallons, but really any less quantity that the purchaser might choose to take, might well be regarded as an attempted evasion of the provisions of that act, which would subject a party, so selling, to the penalties of the law.

We are not disposed, however, to rest this case upon that ground, but rather to give the defendant the benefit of the most liberal view of the evidence, and to consider the case as if the defendant had in fact never sold spirituous liquors in any less quantities that three gallons. The point raised by the first ground of appeal is that inasmuch as the act of 1783 did not forbid a sale of three gallons or more, and inasmuch as that act has never been repealed, it is not now unlawful to sell in quantities not less than three gallons. This proposition rests upon the assumption that because that act made it a penal offense to sell spirituous liquors without a license, in less quantities than three gallons, it thereby authorized the sale of quantities of that amount or larger, for all time to come, or at least until that act was repealed. This assumption is without any foundation whatever.

The right to sell in any quantity was not derived from that act, but was a right existing before any act upon the subject was passed, and the only effect of that act was to limit this pre-existing right. So that whether the act of 1783 has been repealed or not, cannot affect the question now under consideration. While the act of 1783, so far as we are informed, has not in terms been repealed, yet it certainly has been superseded by

subsequent legislation upon the subject. Since the Legislature has forbid the sale of spirituous liquors in *any* quantities without a license, the previous law forbidding the sale in certain quantities, has unquestionably been superseded and rendered nugatory, as the general proposition must necessarily embrace the particular or special one.

The second ground of appeal, alleging error in the charge of the Circuit judge, cannot be sustained, as it is quite clear that the law was stated to the jury just as it is declared in the act of 1880 (17 *Stat.* 459). We presume, however, from the course of the argument here, that the main object of this ground was to assail the constitutionality of the act of 1880. The power of the Legislature to regulate the sale of spirituous liquors, has been too long and too well settled to admit of question at this late day. Experience has demonstrated that the unrestrained traffic in spirituous liquors is dangerous to the peace and welfare of society, and therefore it has long been settled that the law-making power may throw such restraints around that traffic as, in the judgment of that department of the government, may be necessary to secure the peace and welfare of society; and persons who wish to deal in such an article must conform to the regulations prescribed, or they cannot claim the right so to do. There is nothing in the constitution of the United States or of this State which forbids the Legislature from exercising this power. See the *License Cases*, 5 *How.* 504; *Heissembuttle* ads. *City Council*, 2 *McM.* 233; *City Council* v. *Ahrens*, 4 *Strob.* 241.

We do not understand that the power of the legislature to do this is now controverted, as a general proposition, but the appellant contends that this particular act is open to objection because of what is called its discriminating features, and because it tends to deprive the citizen of his property and of his right to sell and dispose of it. The act in question does not deprive any citizen of the right to his property or forbid his using or disposing of it, but simply prescribes the regulations to which he must conform in disposing of it, so as to prevent his using or disposing of it in such a manner as would be detrimental to the interests of society. There is no discriminating feature in the act, for the same regulations apply alike to every citizen. To obtain a

license to sell spirituous liquors the law requires certain conditions to be complied with, and every one, without distinction, who complies with the prescribed conditions, can obtain a license, and no one who fails to comply with these conditions can procure a license.

Another point has been raised in the argument, which, though not taken in the exceptions or grounds of appeal, we propose to consider, inasmuch as it is a point of general importance that ought to be settled. The point is that, as the act of 1880 prescribes simply punishment by imprisonment for a violation of its provisions, without saying imprisonment in the State penitentiary, so much of the sentence in this case as imposes imprisonment in the penitentiary is illegal, as the defendant could only be imprisoned in the county jail. After the decision of this court in the case of *State* v. *Hord*, 8 *S. C.* 84, where it was held that a person convicted of a misdemeanor could not be sentenced to confinement in the penitentiary unless such punishment was prescribed by some statute, the act of March 12th, 1878, (16 *Stat.* 453,) entitled "An act to amend the law respecting the punishment for crime," was passed. That act declares "that in every case in which imprisonment is provided as the punishment, in whole or in part, for any crime, such imprisonment shall be, either in the penitentiary, with or without hard labor, or in the county jail, with or without hard labor, at the discretion of the Circuit judge pronouncing the sentence."

In the face of this act we do not see how it can be claimed that so much of the sentence in this case as imposes the punishment of imprisonment in the penitentiary is illegal. The appellant contends that the act of 1878 relates solely to those cases in which the law *then* prescribed the punishment of imprisonment, and cannot apply to cases in which the legislature has subsequently passed acts in which the punishment prescribed is by imprisonment simply, without saying imprisonment in the penitentiary, but that all such acts should be regarded as making provisions for themselves, and, in the absence of any provision as to the place of imprisonment, the rule established by the case of *State* v. *Hord* would apply.

We see no warrant for thus limiting the scope of the act of

1878. On the other hand, we regard it as a general law applicable to all cases in which punishment by imprisonment is prescribed, and that its object was to define what is meant by the term "imprisonment" whenever it is used in any statute. The object of it, as disclosed by its title, is to amend the law respecting the punishment for crime, and, inasmuch as the law had then recently been determined by the Supreme Court to be, that when imprisonment merely was prescribed as a punishment, such imprisonment could not be in the penitentiary unless the statute prescribing it so declared, the purpose of the legislature clearly was to alter or amend that rule of law by prescribing a rule which should apply "in every case," so that whenever such a punishment should be prescribed, *the place* of imprisonment should be fixed by the discretion of the judge pronouncing sentence. Hence, whenever a statute is found, whether passed before or after the act of 1878, "in which imprisonment is provided as the punishment," such imprisonment shall be either in the penitentiary or in the county jail, according as the judge pronouncing the sentence may, in his discretion, regard the one or the other most appropriate to the circumstances of the case.

We deem it proper to add that we do not desire this case drawn into a precedent for the practice of going outside of the points raised by the exceptions or the grounds of appeal.

The judgment of this court is that the judgment of the Circuit Court be affirmed.